

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the Use and Benefit of INTERCONTINENTAL CONSTRUCTION CONTRACTING INC., <br><br> Plaintiff, <br><br> - against - <br><br> NEELAM CONSTRUCTION CORPORATION and COLONIAL SURETY COMPANY, <br><br> Defendants. | Docket No. <br><br> **COMPLAINT UNDER MILLER ACT** <br><br>  |

The plaintiff, United States of America *for the use and benefit of* Intercontinental Construction Contracting Inc., by way of its complaint against the defendants, says:

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action arising under the Miller Act, 40 U.S.C. § 3131 *et. seq.*, commonly known as the "Miller Act," being brought for the use and benefit of Intercontinental Construction Contracting, Inc. ("Intercontinental") against the Miller Act surety, Colonial Surety Company ("Colonial"), and the general contractor, Neelam Construction Corporation ("Neelam").

2. The Court has jurisdiction over the subject matter of this action pursuant to § 3131 *et. seq.*, in that ninety (90) days have elapsed since the last materials were supplied by Intercontinental. The court has ancillary jurisdiction over the subject matter of this action relating to the Neelam cause of action.

3. Venue is properly placed in this Court pursuant to § 3133(b)(3)(B) as the federal project in question is located within the Southern District of New York.

## THE PARTIES AND PROJECT

4. Intercontinental is a corporation of the State of New Jersey having its principal

place of business located at 180 Lexington Avenue, Passaic, New Jersey. Intercontinental is engaged in the business of construction.

5. Neelam is a corporation of the State of New York having its principal place of business located at 263 Herbert Avenue, Closter, New Jersey. Neelam is engaged in the business of general contracting and construction management.

6. Colonial is, upon information and belief, a corporation created under the laws of the State of Pennsylvania and a surety authorized to issue surety bonds pursuant to the Miller Act in the State of New York, having its principal place of business at 50 Chestnut Ridge Road, Montvale, New Jersey.

7. The federal project in question is renovations to Building # 693, a Youth Service Center at the United States Military Academy in West Point, New York and such contract being designated as Contract No. W911SD-04-C-0023 (the "Project").

## FIRST COUNT

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 as if more fully set forth herein.

9. Neelam entered into a contract with the United States Military Academy to perform certain general contracting services for the benefit of the Project.

10. Neelam, in turn, entered into a subcontract with Intercontinental whereby Intercontinental agreed to perform the entire contract work for the benefit of the Project for a base contract price of $2,278,000.00 (the "Subcontract").

11. Intercontinental commenced performance of the Subcontract in a timely manner. Thereafter, Neelam and Intercontinental agreed to various change orders for Intercontinental to

perform additional work outside of the original subcontract between the parties. Intercontinental performed all of the items of extra work requested by Neelam, and thereafter billed Neelam in the amount of $629,358.72 for the agreed-upon value of the additional work.

12. Intercontinental has completed all work required at this Project pursuant to its Subcontract with Neelam. As a result of the foregoing, Intercontinental has invoiced Neelam for the total value of the base contract and change orders in the amount of $2,907,358.72.

13. Despite repeated demands for payment, Neelam has only paid Intercontinental the sum of $2,862,099.33, leaving a contract balance in the amount of $45,259.39.

14. There remains immediately due and owing to Intercontinental the amount of $45,259.39.

15. The above amount has been demanded by Intercontinental from Neelam and Neelam has failed and refused to make payment.

16. There are no just set-offs, credits or backcharges against the aforesaid amount.

17. The defendant Neelam is in breach of its agreement with Intercontinental and the amount of $45,259.39 is past due and owing to Intercontinental.

## SECOND COUNT

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 as if more fully set forth at length herein.

19. Defendant Colonial issued a payment and performance bond (Bond No. CSC-211221) for the Project pursuant to the requirements of the Miller Act ("the Miller Act Bond").

20. More than ninety (90) days has elapsed since Intercontinental's last date of work. In

addition, less than one year has elapsed since Intercontinental last furnished labor or material to the Project, as required by the terms of the Miller Act.

21. As such, Intercontinental is a proper claimant under the aforesaid bond which was posted for its benefit and others similarly situated.

22. By reason of the foregoing, Colonial Surety Company is liable to Intercontinental for all sums due and owing from Neelam pursuant to the terms of the Miller Act Bond.

**WHEREFORE**, plaintiff Intercontinental Construction Contracting Inc. demands judgment against the defendants, Neelam Construction Corp. and Colonial Surety Company, jointly and severally, in the amount of $45,259.39, plus interest, costs of suit and such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       August 28, 2008

LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.

By: _____
      Scott M. Yaffe (4344)

*Attorneys for the Plaintiff*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

4

2218432v1/KJS